UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-CV-10722

ANNE M. MANNING,

    Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS; MASSACHUSETTS DEPARTMENT OF CORRECTION; MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY; OFFICE OF THE GOVERNOR OF MASSACHUSETTS; JOHN DOES 1-5, employees of the executive branch of the government of Massachusetts, in their official and personal capacities; JANE DOES 1-5, employees of the executive branch of the government of Massachusetts, in their official and personal capacities,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
AGENCY DEFENDANTS' MOTION TO DISMISS COUNTS 5, 6, AND 8
THROUGH 16 OF PLAINTIFF'S COMPLAINT**

Defendants Commonwealth of Massachusetts, Massachusetts Department of Correction, Massachusetts Executive Office of Public Safety and Security, and Office of the Governor of Massachusetts (collectively, the "Agency Defendants"), submit this memorandum of law in support of their motion to dismiss Counts 5, 6, and 8 through 16 of Plaintiff's Complaint.

**BACKGROUND**

Plaintiff, an employee of the Massachusetts Department of Correction ("DOC"), alleges violations of federal and state law based on allegedly discriminatory conduct. Plaintiff was

1

employed by DOC as the Director of Treatment at the Boston Pre-Release Center from 2006 to July 2010. Compl.¶ 14. In December 2009, she applied for two Deputy Superintendent positions. Compl.¶ 15.

In June 2010, Plaintiff alleges that she was informed that, although the appointment and salary increase were not yet formally approved, she had been selected for the Deputy Superintendent position at Lemuel Shattuck Hospital Correctional Unit ("LSH"). Compl. ¶ 18-19. Plaintiff began this role at LSH in July 2010, and worked as a Deputy Superintendent for twenty-one months. Compl.¶ 27. Ultimately, Plaintiff alleges that she was informed that she would be removed from the Deputy Superintendent position and placed in the Director of Treatment position at LSH. Compl.¶ 44. She believes that this decision was made by the Agency Defendants for discriminatory reasons. The Complaint alleges 16 counts based on federal and state law.

## ARGUMENT

I. Standard of Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure requires dismissal of any claims against a defendant over whom this Court has no personal jurisdiction. Fed.R.Civ.P. 12(b)(2). When evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must assume as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. See Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). Only a complaint "that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Finally, a court need not accept as true legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . It is the conclusory nature of

respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." Id. at 678, 681.

Additionally, in assessing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a decision to dismiss should only be made where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Here, it is clear that plaintiff failed to make such a showing as to multiple counts. Accordingly, Counts 5, 6, and 8 through 16 should be dismissed.

II. Plaintiff's Claims Against the Agency Defendants Are Barred by the Eleventh Amendment to the U.S. Constitution.

The Eleventh Amendment to the United States Constitution provides that States are not subject to suit in the Federal Courts of the United States. Instead, the States are entitled to sovereign immunity. The Federal Courts have long held that they lack jurisdiction to entertain suits against individual States, unless the State has waived its immunity or Congress has properly abrogated immunity. See, e.g., Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (quoting Hans v. Louisiana, 134 U.S. 1, 15 (1890) (noting that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States' "). See also Kentucky v. Graham, 473 U.S. 159, 167 .14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782 (1987) (*per curiam*).

Therefore, for the reasons stated below, Counts 5, 6, and 8 through 16 must be dismissed.

1. The ADA Claims: Count 5 and Count 6

Count 5 alleges disability discrimination under Title I of the Americans with Disabilities

Act (ADA), 42 U.S.C. § 12112.  States cannot be sued for money damages in federal court under ADA Title I.  See Bd. Of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 374 (2001) (holding that Congress did not abrogate state sovereign immunity by enacting ADA Title I); Torres-Alamo v. Puerto Rico, 502 F.3d 20, 24 (1st Cir. 2007) (holding that Commonwealth of Puerto Rico is immune to all claims under Title I of the ADA).  Accordingly, Count 5 is barred by the Eleventh Amendment and should be dismissed.

Count 6 alleges retaliation under the Title V of the ADA, 42 U.S.C. § 12203.  Although the U.S. Supreme Court held that the Eleventh Amendment generally protects the states from ADA Title I suits in federal court, Garrett, 531 U.S. at 374, "neither the Supreme Court nor the First Circuit has yet decided whether Eleventh Amendment sovereign immunity bars claims brought against state entities pursuant to Title V of the ADA."  DeCotiis v. Whittemore, 842 F. Supp.2d 354, 370 (D. Maine 2012).

Courts that have considered the issue first determine whether the state is entitled to Eleventh Amendment immunity from suit based on the underlying discriminatory violation.  DeCotiis, 842 F. Supp.2d at 370.  If so, then the derivative retaliation claim is also barred.  "If a state is immune from underlying discrimination, then it follows that the state must be immune from claims alleging retaliation . . . .").  Chisea v. New York State Dep't of Labor, 638 F. Supp.2d 316, 323 (N.D.N.Y. 2009).  "Thus, where the underlying claim is predicated on alleged violations of Title I of the ADA, then the Title I immunity recognized in [Garrett] is generally extended to ADA Title V retaliation claims."  DeCotiis, 842 F. Supp.2d at 370 (citing Demshki v. Monteith, 255 F.3d 986, 988-89 (9th Cir. 2001)).

Here, Plaintiff's claim is based on 42 U.S.C. § 12112, which falls under Title I.  Thus, Eleventh Amendment sovereign immunity applies under Garrett, and consequently, the Title V

4

retaliation claim is barred. Accordingly, Count 6 should be dismissed.

### 2. The G.L. c. 151B Claims: Count 8, Count 9, and Count 10

Counts 8, 9, and 10 allege violations of Massachusetts General Law c. 151B. The Commonwealth of Massachusetts "has not waived its sovereign immunity or otherwise consented to suit in federal court for claims arising under c. 151B." Fenton v. University of Mass., 2010 WL 4027737, *3 (D. Mass. 2010) (citing Rivera v. Massachusetts, 16 F. Supp.2d 84 (D. Mass. 1998)). Although the Supreme Judicial Court ("SJC") has held that the Massachusetts Legislature waived the Commonwealth's immunity from chapter 151B claims in Massachusetts state courts, Bain v. City of Springfield, 424 Mass. 758 (1997), federal courts have held that the Commonwealth has not waived its sovereign immunity from chapter 151B suits in federal court. See Adams v. Massachusetts Dep't of Revenue, 510 F. Supp.2d 157, 160 (D. Mass. 2007) (explaining that chapter 151B makes reference to the state superior, probate, and housing courts as venues for suits, but never refers to the federal courts). It has also been noted that chapter 151B "does not contain . . . a provision that specifically authorizes suit against the state to proceed in federal court." Moorer v. Dep't of Social Services, 2010 WL 3258609, *6 (D. Mass. 2010) (citing Lynch v. Mass. State Senate, 495 F. Supp.2d 175, 179 (D. Mass. 2007)). Accordingly, Counts 8, 9, and 10 should be dismissed.

### 3. The Massachusetts Equal Pay Act Claim: Count 11

Count 11 alleges violations of the Massachusetts Equal Pay Act, G.L. c. 149, § 105A ("MEPA"). Eleventh Amendment sovereign immunity protects the Commonwealth from a MEPA suit in federal court because the Commonwealth has not expressly waived its immunity to suit in federal court. "A state may expressly waive immunity to suit in federal court, but only a 'clear declaration of the state's intention' to submit to federal jurisdiction will suffice in order to

5

deem sovereign immunity waived." Adams, 510 F.Supp.2d at 159 (quoting Florida Dep't of Health v. Florida Nursing Home Assn., 450 U.S. 147, 150 (1981)). Further, "a state will be deemed to have waived its sovereign immunity only where articulated 'by the most express language' or by 'such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' " Id. (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974)).

Under MEPA, an action "may be maintained in any court of competent jurisdiction." G.L. c. 149, § 105A. Although the statute does not prohibit suit in federal court, neither does it expressly waive Eleventh Amendment immunity. Thus, there is no "clear declaration of the state's intention" to submit to federal jurisdiction. The language used by the statute cannot be characterized as "the most express language" indicating a waiver of Eleventh Amendment immunity and there is nothing in the statute reflecting an "overwhelming implication" that the state waived immunity. The Legislature's failure to expressly limit jurisdiction to the state court does not waive Eleventh Amendment immunity either. Irwin v. Commissioner of Dep't of Youth Services, 388 Mass. 810, 819-20 (1983) ("We think that the Legislature's failure to include the term 'exclusive jurisdiction' . . . is insufficient basis to infer therefrom its consent to suit in Federal courts, particularly as such consent is not lightly to be inferred."). Without such clear declaration or overwhelming implication, a court cannot find that immunity has been waived. See Florida Nursing Home Assn., 450 U.S. at 150; Edelman, 415 U.S. at 673.[1] Accordingly, Count 11 should be dismissed.

        4.   The Massachusetts Weekly Wage Act Claims: Count 12 and Count 13

---

[1] Furthermore, like the case of claims brought in federal court pursuant to G.L. c. 151B, the fact that the Legislature waived sovereign immunity to MEPA suits in state court is irrelevant in determining whether Eleventh Amendment immunity was waived. See Jancey v. School Committee of Everett, 421 Mass. 482, 500 (1995) (holding that public employers are not immune from MEPA suit in state court); Florida Nursing Home Assn., 450 U.S. 147 ("[A] state is immune from suit in federal court for actions arising under state law even where the state has expressly consented to suit in state courts for the same claim.").

6

Count 12 and Count 13 allege violations of G.L. c. 149, §§ 148, 148A, and 150, commonly referred to as the Weekly Wage Act. Section 150 codifies the filing requirements under this statute. While the provision does not specify in which court the action must be commenced, it also contains no express waiver of Eleventh Amendment sovereign immunity. Without a "clear declaration of the state's intention" to submit to federal jurisdiction, and without "overwhelming implication" of waiver from the statutory text, it cannot be said that the Legislature waived Eleventh Amendment immunity in passing the Weekly Wage Act. See Edelman, 415 U.S. at 673. Accordingly, Count 12 and Count 13 should be dismissed.

### 5. Contract Claims: Count 14, Count 15, and Count 16

Count 14 alleges breach of contract, Count 15 alleges breach of implied contract/quantum meruit, and Count 16 alleges breach of the covenant of good faith and fair dealing. "Massachusetts has not consented to suit in federal court for contract claims." Fenton, 2010 WL 4027737, at *3. Although Massachusetts has consented to contract suits in state court, "[t]hat does not . . . necessarily extend so far as to permit lawsuits against the Commonwealth in *federal court*. McGuigan v. Conte, 629 F. Supp.2d 76, 83 (D. Mass. 2009) (emphasis in original). The SJC has held that G.L. c. 258 does not waive the Commonwealth's general immunity to suit in federal court. Irwin, 388 Mass. at 819 ("Applying our rules governing statutory waiver of governmental immunity, we find in the terms of G.L. c. 258, neither an express nor a necessarily implicit consent by the Commonwealth to suit in federal court."). This decision has been construed by other courts as supporting the position that Massachusetts has not consented to suit in federal court for contract claims. See McGuigan, 629 F. Supp. 2d at 83 (citing G.L. c. 258, § 12, which limits jurisdiction to the Massachusetts superior court, for the position that "Massachusetts has not consented to suit in federal court for contract claims"); Fenton, 2010 WL

7

4027737, at *3 (same). Accordingly, Counts 14, 15, and 16 should be dismissed.

## CONCLUSION

The Agency Defendants are entitled to dismissal of the identified counts in the Complaint for the reasons set forth above. Accordingly, Counts 5, 6, and 8 through 16 should be dismissed.

Respectfully submitted,
COMMONWEALTH OF MASSACHUSETTS,
MASSACHUSETTS DEPARTMENT OF CORRECTION,
MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY, and
GOVERNOR OF MASSACHUSETTS,

By their Attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL


 /s/ Anne Sterman
Anne Sterman, BBO # 650426
Andrew W. Koster, BBO # 684424 (D. Mass. admission
    pending in June, 2013)
Assistant Attorneys General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA 02108
617-727-2200

Date: May 23, 2013

## CERTIFICATION UNDER LOCAL RULE 7.1

Counsel for defendants Commonwealth of Massachusetts, Massachusetts Department of Correction, Massachusetts Executive Office of Public Safety and Security, and Governor of Massachusetts hereby certifies, pursuant to Local Rule 7.1(a)(2), that I have conferred with Plaintiff's counsel concerning the issues set forth in the Agency Defendants' motion to dismiss.

        ___/s/ Anne Sterman_____
        Anne Sterman, Assistant Attorney General
        Government Bureau/Trial Division

## CERTIFICATE OF SERVICE

I, Anne Sterman, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

    /s/ Anne Sterman_____
    Anne Sterman